NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR ARMANDO RAMIREZ-
RAMOS,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-71169

Agency No. A098-492-131

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN and N.R. SMITH, Circuit Judges.

Oscar Armando Ramirez-Ramos, native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's finding that the threats Ramirez-Ramos received from gang members do not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Substantial evidence also supports the agency's finding that Ramirez-Ramos failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See Elias-Zacarias*, 502 U.S. at 483-84; *Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-47 (9th Cir. 2008) (harm suffered as part of "general criminality and civil unrest" and for "economic and personal reasons" was not persecution on account of membership in a particular social group or on account of a political opinion).

Because Ramirez-Ramos failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

08-71169

Substantial evidence also supports the agency's denial of CAT relief because Ramirez-Ramos has not established it is more likely than not that he will be tortured if returned to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Ramirez's contention that the BIA violated his due process rights by not providing a reasoned decision lacks merit because the BIA adopted the IJ's reasoned, seven-page decision. *See Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc) ("[W]hen 'the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA.'"); *cf. Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1078-79 (9th Cir. 2004) (BIA's streamlining procedure does not violate due process because the court reviews the IJ's decision as the final agency decision).

**PETITION FOR REVIEW DENIED.**